# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO HERNANDEZ, JR., | Case No. CV 14-1879 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Maximo Hernandez, Jr. ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. In particular, Plaintiff alleges that the Administrative Law Judge ("ALJ") erred in concluding that he does not meet Listing 112.05C. (*See* Joint Stip. at 7-12.) The Court addresses, and rejects, Plaintiff's contention below.

As a rule, a claimant has the burden to prove that he has an impairment that meets or equals a Listing. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). "[T]o show that his impairment matches a Listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)

(emphasis in original) (footnote omitted).

To prove functional equivalence, a claimant must present medical findings related to his impairment that "are at least of equal medical significance to the required criteria" of the listed impairment. 20 C.F.R. §§ 416.924(e), 416.926(a). However, the ALJ is *not* required to state why a claimant fails to meet or equal every section of the Listings, as long as the ALJ adequately summarizes and evaluates the evidence. *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990).

In this case, the ALJ committed no error in finding that Plaintiff does not meet or equal a Listing. Two reasons support this determination.

First, the ALJ properly relied on the opinion of the consultative examiner, Dr. Avazeh Chehrazi, in finding that Plaintiff does not meet or equal Listing 112.05C. (*See* Administrative Record ("AR") at 23, 191-97); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("[T]o the extent that [the examining physician's] opinion rests on objective clinical tests, it must be viewed as substantial evidence . . . ."). [1] To meet Listing 112.05C, a claimant must have a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. pt. 404 subpt. P, app. 1 § 112.05C. Here, although Dr. Chehrazi found that Plaintiff has a full scale IQ score of 70,[2] she did *not* record findings equivalent in severity to the criteria of any listed impairment, including Listing 112.05C. (AR at 23, 178-82.)

In particular, Dr. Chehrazi opined that Plaintiff is not limited in his ability to

---

[1] Here, Dr. Chehrazi administered a complete psychological evaluation and Wechsler Intelligence Scale. (AR at 193.)

[2] Plaintiff also argues that the ALJ erred by not rejecting the IQ score offered by Dr. Chehrazi, but only insofar as it bears on Listing 112.05C. (*See* Joint Stip. at 3-5.) While the ALJ did not expressly reject the IQ score, his Listing analysis is nevertheless supported by substantial evidence, as described below. Thus, this issue need not be independently addressed.

understand, remember, and carry out simple instructions, and only mildly limited in handling complex instructions. (*Id.* at 23, 197.) Further, Dr. Chehrazi found that Plaintiff is socially appropriate, communicates clearly, and would be able to interact appropriately with supervisors, co-workers, and peers on a consistent basis. (*Id.*) Indeed, Dr. Chehrazi assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 72, indicating only "transient" or "temporary" symptoms. (*Id.* at 23, 197); *see* Diagnostic and Statistical Manual of Mental Disorders (revised 4th ed. 2000) at 34 (GAF score of 72 reflects *less* than mild symptoms). Thus, despite Plaintiff's low IQ score, Plaintiff does not have "significant limitations," let alone a presumptively disabling impairment. *See* 20 C.F.R. pt. 404 subpt. P, app. 1 § 112.05C. While Plaintiff may disagree with the ALJ's interpretation of Dr. Chehrazi's opinion, the ALJ's interpretation was reasonable, and is thus entitled to deference. *See Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

      Second, the signatures of the two State agency reviewing physicians, Drs. L. Limos and R. Tashjian, on Plaintiff's Disability Determination Explanation and Transmittal forms, provide additional evidence that Plaintiff does not meet or equal a Listing. (*See* AR at 82, 84); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 at *3 (July 2, 1996) ("The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) . . . ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review."). Here, both Drs. Limos and Tashjian specifically considered Plaintiff's symptoms and IQ score, and found that he does not meet or equal Listing 112.05C. (*Id.*)

      Accordingly, the Court finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated:  December 2, 2014

_____
Hon. Jay C. Gandhi
United States Magistrate Judge